**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 22-1827 & 22-1828
_____

DONALD C. FREDERICK; LOUISE M. FREDERICK, h/w;
MICHAEL A. MAHLE; PAULA M. MAHLE, h/w;
DONALD PORTA, and all others similarly situated

v.

RANGE RESOURCES-APPALACHIA, LLC,

RAYMOND W. SEDDON, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:08-cv-00288)
District Judge: Honorable Susan Paradise Baxter

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On January 26, 2023

Before: BIBAS, NYGAARD, and FUENTES, *Circuit Judges*

(Filed: January 26, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

When judges evaluate class-action settlements, they must focus on what is best for the whole class, not the demands of a few. Raymond Seddon, Jr., objected to a proposed class-action settlement. But the District Court properly found that his objections did not warrant scuttling the settlement. Because it did not abuse its discretion, we will affirm.

## I. THE PARTIES REACH AND THEN REVISE A SETTLEMENT

In 2008, plaintiffs filed a class action against Range Resources. Range operates oil and gas wells in Ohio and Pennsylvania. Plaintiffs sought to represent a class of persons entitled to royalty payments from Range. They said they had leased their land to Range so it could drill wells. In return, Range had promised periodic royalties for the oil and gas it produced and sold. They alleged that Range had not paid full royalties for years.

Eventually, the parties settled. Range agreed to make retroactive payments and to amend its leases with class members to ensure that, going forward, they would be paid the proper amounts. In 2011, the District Court approved the settlement, ordered the leases amended, and closed the case.

But in 2018, the plaintiffs returned to court. Range's lease amendments did not match those that the court had approved. (The mix-up might be attributable to a discrepancy between the District Court's 2011 order amending the leases and the text of the settlement agreement.) So once again, Range had been underpaying. Plaintiffs asked the court to enforce the original settlement agreement.

After discovery and mediation, the parties reached a new settlement. Once again, Range agreed to make retroactive payments. And it agreed to amend the leases to conform them to the original settlement.

Seddon and three other class members objected to the new settlement. They said the District Court lacked jurisdiction to approve it and that it was unfair. Disagreeing, the court approved it.

Seddon, but not his fellow objectors, appeals. We review the District Court's jurisdiction de novo and its approval of the settlement for abuse of discretion. *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 670 (3d Cir. 2018); *Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 377 (3d Cir. 2013).

## II. THE DISTRICT COURT HAD JURISDICTION

First, Seddon argues that the District Court lacked jurisdiction to approve the new settlement agreement. But it did not.

If the parties in a federal case settle and the court dismisses it, the court does not automatically keep jurisdiction over disputes relating to that settlement. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–82 (1994). Because a settlement is a contract between the parties, disputes over settlement agreements are usually state-law contract claims. *Id.* at 382. But if the district court "embod[ies] the settlement contract in its dismissal order," then it does have "ancillary jurisdiction to enforce" it. *Id.* at 381.

That is what the District Court did here. When it approved the original settlement agreement and closed the case, it incorporated the order amending the leases. And that order

3

explicitly incorporated the settlement agreement. So the court rightly held that it had ancillary jurisdiction to enforce the original agreement and approve the new one.

Seddon's arguments to the contrary fall flat. He notes that class membership has changed since the original settlement. True, but he cites no case that says a change in class membership strips the court of jurisdiction.

He also worries that a court with ancillary jurisdiction over the settlement could keep jurisdiction over all the class's disputes with Range. Not so. The District Court refused to entertain any claims unrelated to the original settlement because they were "outside the scope of [its] ancillary jurisdiction." App. 132–33. Rather, it exercised jurisdiction to enforce only the agreement that it had incorporated into its first dismissal. Then it approved the new settlement and closed the case. And though this jurisdiction is "indefinite," as Seddon notes, it rests on a court's inherent power to enforce its orders, including orders that incorporate the terms of a settlement agreement. Appellant's Br. 28, 29, 31; *Kokkonen*, 511 U.S. at 380–81.

Plus, because the court did not exercise jurisdiction over claims unrelated to the original settlement agreement, Seddon need not fear that any "Minimum Royalty Claim" has been extinguished by the new agreement. Appellant's Br. 22, 24–27.

As a last-ditch effort, Seddon suggests that he might not belong to the class. So even if the court had jurisdiction to approve the new settlement, he says, it does not apply to him. But he told the District Court he was a class member, and the court relied on his statement. So he is estopped from denying it now. *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 272 (3d Cir. 2012).

### III. THE NEW SETTLEMENT WAS FAIR

Seddon also argues that the District Court abused its discretion by approving the new settlement. It did not.

Approving a class-action settlement "is left to the sound discretion of the district court." *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975). A district court may approve a settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In gauging fairness, district courts must weigh at least nine factors. *See Girsh*, 521 F.2d at 157. Here, the District Court reviewed those factors carefully.

Seddon addresses none of these factors. Instead, he objects that the settlement did not force Range to give anything up. But it did. Range gave up the chance to deny wrongdoing or raise defenses. And it agreed to pay millions in underpayments, even if some claims would have been time-barred. The District Court did not abuse its discretion in finding that an immediate, guaranteed payout was in the class's best interests.

\* \* \* \* \*

Thousands of class members benefit from the new settlement. They get retroactive payments and amended leases. Though one class member has objected, his objections do not warrant throwing out the whole settlement. So we will affirm the District Court's approval of it.